UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILEY E. WEBB, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 2:24-CV-7-KAC-CRW |
| | ) |
| SPECTRUM SOUTHEAST, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING ACTION

Because the Parties failed to comply with this Court's Order, the Court dismisses this action with prejudice. On July 12, 2024, the Parties filed a "Joint Notice of Settlement" [Doc. 19]. The Parties represented that they "reached an agreement to resolve this matter and" were "finalizing the settlement papers" [Doc. 19 at 1]. They indicated that the settlement "will call for" the "dismissal of Plaintiff's claims with prejudice" [*Id.*]. The Parties requested a stay to "finalize the settlement, prepare relevant documents" and "file the dismissal papers" [*Id.*]. On July 15, "[i]n accordance with Local Rule 68.1," the Court ordered the Parties to "file a stipulation of dismissal signed by all parties who have appeared under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) by August 14, 2024" and stayed this action until August 14 [Doc. 20].

On August 9, the Parties requested a forty-five (45) day extension of the stay and deadline to file their stipulation of dismissal, [Doc. 21], which the Court granted on August 13, [Doc. 22]. The Court ordered the Parties to file their stipulation of dismissal "on or before September 30, 2024" [Doc. 22]. The Court expressly warned that "[i]f the Parties fail to timely comply" with the Court's August 13 Order, "the Court will dismiss this action based on the Parties' representations

to the Court that the matter has settled" [*Id.*]. The Parties failed to timely comply with the Court's August 13 Order.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts." *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). This Court has an obligation to ensure that cases do not languish on its docket. *See Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 WL 2160671, at *2 (6th Cir. June 15, 2022) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962)). Local Rule 68.1 similarly provides that "[i]f the parties fail to comply with this rule, the Court may, in its discretion, enter an order dismissing the action." E.D. Tenn. L.R. 68.1.

The application of these rules here compels the Court to dismiss this action with prejudice. The Parties have both willfully failed to comply with the Court's August 13 Order. Despite the Court's express warning that a failure to comply would result in dismissal of this action, the Parties chose not to comply. Because the Parties have represented to the Court that this

2

matter has settled, and that the terms would include dismissal of Plaintiff's claims with prejudice, dismissal with prejudice is the appropriate sanction [*See* Doc. 19 at 1]. Any lesser sanction would permit the action to unnecessarily languish on the Court's docket. Further, Local Rule 68.1 provides a separate and independently sufficient basis to dismiss this action based on these facts. *See* E.D. Tenn. L.R. 68.1. Accordingly, the Court **DISMISSES** this action with prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 68.1. *See Rodriguez*, 62 F.4th at 277; *see also* E.D. Tenn. L.R. 68.1. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3

Case 2:24-cv-00007-KAC-CRW   Document 24   Filed 10/08/24   Page 3 of 3   PageID #: 92